**Fill in this information to identify the case:**

United States Bankruptcy Court for the District of Delaware

Case number (*if known*): _____    Chapter 11

❑    Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Exide Technologies, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | Aker Wade Power Technologies LLC; GNB Industrial Power; Schulykill Metals; Exide Technologies |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 23-0552730 |

4.  **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 13000   Deerfield Parkway, Building 200 | |
| Number   Street | Number               Street |
| | P.O. Box |
| Milton          Georgia          30004 | |
| City          State          ZIP Code | City          State          ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Fulton | |
| County | Number          Street |
| | |
| | City          State          ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.exide.com |

6.  **Type of debtor**

☒  Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐  Partnership (excluding LLP)
☐  Other.  Specify: _____

| Debtor | Exide Technologies, LLC | Case number (if known) | 20-_____ ( ) |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*
☐ Tax- exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.
[        3359        ]

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No

☒ Yes    District   Delaware    When   June 10, 2013    Case number   13-11482 (MFW)
MM/ DD/ YYYY

District _____    When _____    Case number _____
MM / DD/ YYYY

| Debtor | Exide Technologies, LLC | Case number (if known) | 20-_____ (  ) |
|---|---|---|---|
| | Name | | |

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes

| Debtor | See Schedule 1 | Relationship | See Schedule 1 |
|---|---|---|---|
| District | Delaware | When | May 19, 2020 |
| Case number, if known | | | MM / DD/ YYYY |

**11.** **Why is the case filed in this district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street | | |
|---|---|---|---|
| City | | State | ZIP Code |

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

**Statistical and administrative information**

**13.** **Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14.** **Estimated number of creditors**

(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

| Debtor | Exide Technologies, LLC | Case number (if known) | 20-_____ ( ) |
|---|---|---|---|
| | Name | | |

| | | | |
|---|---|---|---|
| **15. Estimated assets**<br>(on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☒ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities**<br>(on a consolidated basis with all affiliated debtors) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▪ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- ▪ I have been authorized to file this petition on behalf of the debtor.

- ▪ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/19/2020
MM / DD / YYYY

✗  /s/ Roy Messing
Signature of authorized representative of debtor

Roy Messing
Printed name

Chief Restructuring Officer
Title

**18. Signature of attorney**

✗  /s/ Daniel J. DeFranceschi          Date  05/19/2020
Signature of attorney for debtor                    MM / DD / YYYY

Daniel J. DeFranceschi                              Ray C. Schrock, P.C.
Printed Name

Richards, Layton & Finger, P.A.                     Weil, Gotshal & Manges LLP
Firm Name

One Rodney Square, 920 North King Street            767 Fifth Avenue
Address

Wilmington, Delaware 19801                          New York, New York 10153
City/State/Zip

(302) 651-7700                                      (212) 310-8000
Contact Phone

defranceschi@rlf.com                                ray.schrock@weil.com
Email Address

2732                    Delaware
Bar Number             State

### Schedule 1

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company | Case Number | Date Filed |
| --- | --- | --- |
| Exide Holdings, Inc. | 20-_____ (  ) | May 19, 2020 |
| Exide Technologies, LLC | 20-_____ (  ) | May 19, 2020 |
| Dixie Metals Company | 20-_____ (  ) | May 19, 2020 |
| Refined Metals Corporation | 20-_____ (  ) | May 19, 2020 |
| Exide Delaware LLC | 20-_____ (  ) | May 19, 2020 |

Prior Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On June 10, 2013, the entity listed below (a predecessor to Exide Technologies, LLC) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  The case is pending before the Honorable Mary F. Walrath.

| Company | Case Number |
| --- | --- |
| Exide Technologies | 13-11482 (MFW) |

**ACTION BY**
**WRITTEN CONSENT OF**
**THE GOVERNING BODIES OF**

EXIDE TECHNOLOGIES, LLC
DIXIE METALS COMPANY
REFINED METALS CORPORATION
EXIDE DELAWARE LLC

May 18, 2020

**WHEREAS**, the undersigned (as applicable, each, a "**Governing Body**"), of each of the entities referenced in the heading above (each, a "**Company**," and collectively, the "**Companies**"), do hereby consent to, adopt, and approve, by written consent in accordance with Section 18-302(d) of the Delaware Limited Liability Company Act, the following resolutions and each and every action effected thereby;

**WHEREAS**, each Company is a direct or indirect wholly-owned subsidiary of Exide Holdings, Inc., a Delaware corporation ("**Exide**");

**WHEREAS**, Exide, with the assistance of legal and financial advisors, has been conducting a review of strategic alternatives and the Special Committee of the Board of Directors of Exide has considered and determined that it is in the best interest of Exide and the Companies to (i) file petitions seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), (ii) enter into a Restructuring Support Agreement (as defined below), (iii) retain certain advisors, and (iv) enter into the DIP Credit Agreements (as defined below); and

**WHEREAS**, each Governing Body has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of Exide regarding the liabilities and liquidity of each Company, the strategic alternatives available to it, and the impact of the foregoing on each Company's business; and

**WHEREAS**, each Governing Body has had the opportunity to consult with the management and the legal and financial advisors of such Company to fully consider each of the strategic alternatives available to such Company; and

**WHEREAS**, each Governing Body desires to approve the following resolutions:

**Commencement of Chapter 11 Case**

**NOW, THEREFORE, BE IT RESOLVED**, that each Governing Body of each Company has determined, after consultation with the management and the legal and financial advisors of the respective Company, that it is desirable and in the best interests of each Company, its creditors, and other parties in interest that a petition be filed by each Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") ; and be it further

**RESOLVED**, that any manager, member, officer, or director of such Company (each, an "**Authorized Officer**"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to execute, verify, and file, in the name and on behalf of such Company, and

under its corporate seal or otherwise, all petitions, schedules, motions, lists, applications, pleadings, orders, and other papers in the Bankruptcy Court, and, in connection therewith, to employ and retain all assistance by attorneys, accountants, financial advisors, investment bankers and other professionals, and to take and perform any and all further acts and deeds which such Authorized Officer deems necessary, proper, or desirable in connection with such Company's chapter 11 case (collectively, the "**Chapter 11 Case**"), including, without limitation, negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and/or instruments in connection with the transactions and professional retentions set forth in this resolution; and be it further

### Restructuring Support Agreement

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interests of each Company to enter into a Restructuring Support Agreement (together with the term sheet annexed thereto, the "**Restructuring Support Agreement**") on terms and conditions in the form of Exhibit A; and be it further

**RESOLVED**, that the form, terms, and provisions of the Restructuring Support Agreement, substantially in the form presented to the Governing Body of each Company, and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by such Company are hereby authorized, approved, and declared advisable and in the best interest of such Company, with such changes therein and additions thereto as an Authorized Officer of such Company executing the same may in his discretion deem necessary or appropriate, the execution of the Restructuring Support Agreement to be conclusive evidence of the approval thereof; and be it further

**RESOLVED,** that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of each Company, to cause such Company to enter into, execute, deliver, certify, file and/or record, and perform, the Restructuring Support Agreement substantially in the form presented to each Governing Body, and such other documents, agreements, instruments, and certificates as may be required by the Restructuring Support Agreement; and be it further

### Retention of Advisors

**RESOLVED**, that the law firm of Weil, Gotshal & Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Richards, Layton & Finger, P.A., located at One Rodney Square, 920 North King Street, Wilmington, DE 19801, is hereby retained as local counsel by the Subsidiaries, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Houlihan Lokey Capital, Inc., located at 245 Park Avenue, 20th Floor, New York, NY 10167, is hereby retained as investment banker for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Prime Clerk LLC, located at One Grand Central Place, 60 East 42nd St., Suite 1440, New York, NY 10165, is hereby retained as Claims and Noticing Agent for each of the Company and the Subsidiaries in the Chapter 11 Case and the chapter 11 cases commenced by the Subsidiaries, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Ankura Consulting Group, LLC, located at 485 Lexington Avenue, New York, NY 10017, is hereby retained as financial advisor for each Company in its Chapter 11 Case, subject to Bankruptcy Court approval.

**Debtor-in-Possession Financing**

 **RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interest of each Company to engage in, and such Company will obtain benefits from, the lending transactions or the guarantee of the lending transactions under that certain debtor-in-possession credit facility in an aggregate principal amount of up to $40,000,000, by and among Exide, Exide Technologies, LLC, as borrower, the lenders from time to time party thereto (the "**Lenders**"), and Blue Torch Capital LP, as administrative agent (in such capacity, including any successor thereto, the "**Administrative Agent**") and as collateral agent (in such capacity, including any successor thereto, the "**Collateral Agent**," and together with the Administrative Agent, the "**Agents**") for the Lenders (together with the Exhibits and Schedules annexed thereto, the "**DIP Credit Agreement**"); in each case, subject to approval by the Bankruptcy Court, which is necessary and appropriate to the conduct, promotion and attainment of the business of such Company (the "**Debtor-in-Possession Financing**"); and be it further

 **RESOLVED**, that the form, terms and provisions of each of (i) the DIP Credit Agreement, including the use of proceeds to provide liquidity for such Company throughout the Chapter 11 Case, substantially in the form presented to the Governing Body, (ii) the General Continuing Guaranty, to be entered into by and among Exide, each Company and the Administrative Agent (the "**Guaranty**"), (iii) the Debtor-In-Possession Security Agreement, to be entered into by and among Exide, each Company and the Collateral Agent (the "**Security Agreement**"), and (iii) any and all of the other agreements, including, without limitation, any guarantee and security agreement, letters, certificates, documents and instruments authorized, executed, delivered, reaffirmed, verified and/or filed in connection with the Debtor-in-Possession Financing (together with the DIP Credit Agreement, the Guaranty and the Security Agreement, collectively, the "**DIP Financing Documents**") and each Company's performance of its obligations thereunder, including the borrowings and guarantees contemplated thereunder, are hereby confirmed, ratified and approved in all respects; and be it further

 **RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of each Company, to cause such Company to negotiate and approve the terms, provisions of, and performance of, and to prepare, execute, and deliver the DIP Financing Documents to which it is a party, in the name and on behalf of each Company under its corporate seal or otherwise, and such other documents, agreements, instruments, and certificates as may be required by any Agent or required by the DIP Credit Agreement and any other DIP Financing Documents; and be it further

 **RESOLVED**, that each Company be, and hereby is, authorized, empowered, and directed to incur or guarantee, as applicable, the obligations and to undertake any and all related transactions contemplated under the DIP Financing Documents including the granting of security thereunder (collectively, the "**DIP Financing Transactions**"); and be it further

 **RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed to grant security interests in, and liens on, any and all property of each Company as collateral pursuant to the DIP Financing Documents to secure all of the obligations and liabilities of such Company thereunder to the Lenders and the Agents, and to authorize, execute, verify, file, and/or deliver to the Agents, on behalf of each Company, all agreements, documents, and instruments required by the Lenders or the Agents in connection with the foregoing; and be it further

 **RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of each Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Financing Documents, which shall, in such Authorized Officer's sole judgment, be necessary, proper, or advisable to perform such Company's obligations under or in connection with the DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that any Authorized Officer is hereby authorized, empowered, and directed, in the name and on behalf of each Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Credit Agreement and/or any of the DIP Financing Documents which shall, in such Authorized Officer's sole judgment, be necessary, proper, or advisable; and be it further

### Appointment of Chief Restructuring Officer

**WHEREAS**, each Governing Body of each Company believes that it is advisable and in the best interests of such Company to retain Ankura to provide services, including the services of a Chief Restructuring Officer, and to be compensated as described in the Ankura Engagement Letter; and

**WHEREAS**, each Governing Body of each Company believes that it is advisable and in the best interests of such Company to appoint Roy Messing, Senior Managing Director of Ankura, as the Chief Restructuring Officer of each Company with the role and responsibilities as described in the Ankura engagement letter in substantially the form attached hereto as <u>Exhibit B</u> (the "**Ankura Engagement Letter**"); and

**NOW, THEREFORE, BE IT RESOLVED**, that each Governing Body of each Company hereby appoints Mr. Messing as Chief Restructuring Officer of such Company, effective as of the date hereof and retains Ankura to provide services and be compensated as described in the Ankura Engagement Letter; and be it further

### General Authorization and Ratification

**RESOLVED**, that each Authorized Officer of each Company be, and each, acting alone, hereby is, authorized, empowered, and directed, to cause such Company, to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents and to take such other actions that in the judgment of such Authorized Officer shall be or become necessary or proper, or desirable in connection with the Chapter 11 Case; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized Officer or Governing Body of such Company in the name and on behalf of such Company, in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

IN WITNESS WHEREOF, the undersigned, being the sole and managing member of EXIDE TECHNOLOGIES, LLC, has executed this written consent as of the date set forth above.

EXIDE HOLDINGS, INC.

By: _____

Name:  Louis Martinez

Title:  Executive Vice President and Chief Financial
        Officer

IN WITNESS WHEREOF, the undersigned, being all the members of the board of directors of DIXIE METALS COMPANY, have executed this written consent as of the date set forth above.

BOARD OF DIRECTORS:

By: _____
Name:  Louis Martinez

By: _____
Name:  Steve Cave

**IN WITNESS WHEREOF**, the undersigned, being all the members of the board of directors of DIXIE METALS COMPANY, have executed this written consent as of the date set forth above.

**BOARD OF DIRECTORS:**

By: _____
Name:  Louis Martinez

By: _____
Name:  Steve Cave

**IN WITNESS WHEREOF**, the undersigned, being all the members of the board of directors of REFINED METALS CORPORATION, have executed this written consent as of the date set forth above.

**BOARD OF DIRECTORS:**

By: _____
Name:  Louis Martinez

By: _____
Name:  Steve Cave

**IN WITNESS WHEREOF**, the undersigned, being all the members of the board of directors of REFINED METALS CORPORATION, have executed this written consent as of the date set forth above.

**BOARD OF DIRECTORS:**

By: _____
Name:  Louis Martinez

By: _____
Name:  Steve Cave

**IN WITNESS WHEREOF**, the undersigned, being the manager of EXIDE DELAWARE LLC, has executed this written consent as of the date set forth above.

**EXIDE TECHNOLOGIES, LLC**

By: _____

Name:  Louis Martinez
Title:  Executive Vice President and Chief Financial
          Officer

**Exhibit A**

**RSA**

[Intentionally Omitted]

**<u>Exhibit B</u>**

**Ankura Engagement Letter**

[Intentionally Omitted]

---

**Fill in this information to identify the case:**

Debtor name: Exide Technologies, LLC

United States Bankruptcy Court for the District of Delaware
(State)

Case number (*If known*): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | California Department of Toxic Substances Control Attn: Peter G. Thyberg, Senior Staff Counsel 8800 Cal Center Drive Sacramento, CA 95826 | California Department of Toxic Substances Control Attn: Peter Thyberg Phone: 916-255-3246 Email: peter.thyberg@dtsc.ca.gov | Regulatory Fee | | | | $8,919,150.83 |
| 2 | Daramic Incorporated Attn: President or General Counsel 5525 US 60 EAST Owensboro, KY 42303 | Daramic Incorporated Attn: President or General Counsel Phone: 704-587-8599 Fax: Email: | Trade Debt | | | | $3,138,022.21 |
| 3 | American Integrated Services (AIS) Attn: President or General Counsel 1502 East Opp Street Wilmington, CA  90744 | American Integrated Services (AIS) Attn: President or General Counsel Phone: 310-522-1168 Fax: 704-587-8796 Email: | Professional Services | | | | $2,096,259.05 |
| 4 | California Department of Toxic Substances Control Attn: Peter G. Thyberg, Senior Staff Counsel 8800 Cal Center Drive Sacramento, CA 95826 | California Department of Toxic Substances Control Attn: Peter Thyberg Phone: 916-255-3246 Email: peter.thyberg@dtsc.ca.gov | Government Obligation | | | | $2,000,000.00 |
| 5 | Transervice Logistics Inc. Attn: President or General Counsel 5 Dakota Drive Lake Success, NY 11042-1188 | Transervice Logistics Inc. Attn: President or General Counsel Phone: 800-645-8018 Fax: 310-522-0474 Email: inquiry@transervice.com | Trade Debt | | | | $1,984,126.01 |
| 6 | Geosyntec Consultants, Inc. Attn: President or General Counsel 900 Broken Sound Parkway, Ste 200 Boca Raton, FL 33487-3513 | Geosyntec Consultants, Inc. Attn: President or General Counsel Phone: 866-676-1101 Fax: 416-867-6793 Email: contact@geosyntec.com | Professional Services | Contingent | | | $1,365,676.02 |
| 7 | Data2Logistics, LLC. Attn: President or General Counsel PO BOX 60083 Ft. Myers, FL 33906 | Data2Logistics, LLC. Attn: President or General Counsel Phone: 239-936-2800 Fax: Email: | Trade Debt | | | | $1,309,015.11 |

Exide Technologies, LLC
_____
Name

Case number (if known)    20-_____ ( )

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8  Onix Networking Corp. Attn: President or General Counsel 18519 Detroit Avenue Lakewood, OH 44107 | Onix Networking Corp. Attn: President or General Counsel Phone: 216-529-3000 Fax: Email: MARKETING@ONIXNET.COM | Trade Debt | | | | $1,105,000.00 |
| 9  Doe Run Company Attn: Lou Magdits 1801 Park 270 Drive, Suite 300 St. Louis, MO  63146 | Doe Run Company Attn: Lou Magdits Phone: 314-453-7100 Fax: 216-529-3020 Email: rrdinfo@doerun.com | Trade Debt | | | | $960,802.62 |
| 10  Leoch Battery Pte. Ltd Attn: President or General Counsel No. 53, Ubi Avenue 1 #03-21 Paya Ubi Industrial Park 408934 Singapore | Leoch Battery Pte. Ltd Attn: President or General Counsel Phone: 86-755-86036060 Fax: Email: export@leoch.com | Trade Debt | | | | $930,810.00 |
| 11  Seibel Modern Manufacturing & Welding Attn: President or General Counsel 38 Palmer Place Lancaster, NY 14086 | Seibel Modern Manufacturing & Welding Attn: President or General Counsel Phone: 716-683-1536 Fax: 852-2117-0016 Email: | Trade Debt | | | | $902,978.21 |
| 12  Applied Industrial Technologies, Inc. Attn: President or General Counsel PO Box 905794 Charlotte, NC 28290-5794 | Applied Industrial Technologies, Inc. Attn: President or General Counsel Phone: 216-426-4000 Fax: 716-683-2552 Email: | Trade Debt | | | | $818,947.45 |
| 13  Remediation Services Inc. Attn: President or General Counsel PO Box 587 Independence, KS 67301 | Remediation Services Inc. Attn: President or General Counsel Phone: 720-639-8771 Fax: Email: Bob@trapandtreat.com | Trade Debt | | | | $818,572.71 |
| 14  Southwestern Electrical Co Inc. Attn: President or General Counsel 1638 E. First St. Wichita, KS  67214 | Southwestern Electrical Co Inc. Attn: President or General Counsel Phone: 316-263-1264 Fax: Email: | Trade Debt | | | | $785,326.40 |
| 15  C H Robinson Company, Inc. Attn: President or General Counsel PO Box 9121 Minneapolis, MN 55480-9121 | C H Robinson Company, Inc. Attn: President or General Counsel Phone: 952-683-2800 Fax: Email: solutions@chrobinson.com | Trade Debt | | | | $715,556.85 |
| 16  Roles Marketing International Inc. Attn: President or General Counsel PO Box 210759 Royal Palm Beach, FL  33411 | Roles Marketing International Inc. Attn: President or General Counsel Phone: 561-792-1544 Fax: Email: | Trade Debt | | | | $687,394.28 |
| 17  Heritage Environmental Services Attn: President or General Counsel PO BOX 933024 Cleveland, OH 44193 | Heritage Environmental Services Attn: President or General Counsel Phone: 877-436-8778 Fax: 561-753-3880 Email: | Trade Debt | | | | $686,480.09 |
| 18  SMC LLC Attn: President or General Counsel 400 Enterprise Drive Nicholasville, KY  40356 | SMC LLC Attn: President or General Counsel Phone: 859-885-9658 Fax: Email: info@SMCkyEMS.com | Trade Debt | | | | $685,834.50 |

Exide Technologies, LLC

Name

Case number (if known)    20-_____ ( )

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19  Salesforce.com Inc.<br>Attn: President or General Counsel<br>PO Box 203141<br>Dallas, TX 75320-3141 | Salesforce.com Inc.<br>Attn: President or General Counsel<br>Phone: 1-800-NO-SOFTWARE<br>Fax: 859-885-3986<br>Email: | Trade Debt | | | | $679,357.33 |
| 20  Tulip Molded Plastics Corporation<br>Attn: President or General Counsel<br>PO Box 105950<br>Atlanta, GA 30348 5950 | Tulip Molded Plastics Corporation<br>Attn: President or General Counsel<br>Phone: 844-282-7945; 414-963-3120<br>Fax: 415-901-7040<br>Email: | Trade Debt | | | | $676,289.48 |
| 21  RSR Corporation<br>Attn: President or General Counsel<br>2777 Stemmons Freeway<br>Dallas, TX 75207 | RSR Corporation<br>Attn: President or General Counsel<br>Phone: 214-631-6070<br>Fax: 414-962-0309<br>Email: info@rsrna.com | Trade Debt | | | | $643,646.04 |
| 22  Praxair Inc.<br>Attn: President or General Counsel<br>PO Box 281901<br>Atlanta, GA 30384 1901 | Praxair Inc.<br>Attn: President or General Counsel<br>Phone: 800-772-9247<br>Fax: 214-631-6146<br>Email: info@praxair.com | Trade Debt | | | | $595,042.23 |
| 23  Evergy<br>Attn: President or General Counsel<br>One Kansas City Place<br>1200 Main St<br>Kansas City, MO 64105 | Evergy<br>Attn: President or General Counsel<br>Phone: 888-471-5275; 800-383-1183<br>Fax: 800-772-9985<br>Email: lori.wright@evergy.com | Trade Debt | | | | $567,920.07 |
| 24  ACS, Inc.<br>Attn: President or General Counsel<br>1729 George Jenkins Blvd.<br>Lakeland, FL 33815 | ACS, Inc.<br>Attn: President or General Counsel<br>Phone: 863-529-0987<br>Fax:<br>Email: acs.lakeland@gmail.com | Trade Debt | | | | $556,019.75 |
| 25  Kroll Associates, Inc.<br>Attn: Joel Bowers<br>55 East 52nd Street<br>New York, NY 10055 | Kroll Associates, Inc.<br>Attn: Joel Bowers<br>Phone: 212-593-1000<br>Fax:<br>Email: joel.bowers@kroll.com | Professional Services | | | | $537,082.03 |
| 26  Water Gremlin Company<br>Attn: Joel Bowers<br>4400 Otter Lake Rd.<br>White Bear Township, MN 55110 | Water Gremlin Company<br>Attn: Joel Bowers<br>Phone: 651-429-7761<br>Fax:<br>Email: | Trade Debt | | | | $521,298.96 |
| 27  E-Pallet Inc.<br>Attn: President or General Counsel<br>PO BOX 635897<br>Cincinnati, OH 45263 | E-Pallet Inc.<br>Attn: President or General Counsel<br>Phone: 1-888-805-9670<br>Fax: 651-429-9611<br>Email: | Trade Debt | | | | $519,761.63 |
| 28  Simon's Trucking Inc.<br>Attn: President or General Counsel<br>920 Simon Drive<br>Farley, IA 52046 | Simon's Trucking Inc.<br>Attn: President or General Counsel<br>Phone: 800-373-2580;-563-744-3304<br>Fax: 312-297-5956<br>Email: | Trade Debt | | | | $489,919.76 |
| 29  Flow-Rite Controls<br>Attn: President or General Counsel<br>960 74th Street SW<br>Byron Center, MI 49315 | Flow-Rite Controls<br>Attn: President or General Counsel<br>Phone: 616-583-1700<br>Fax: 563-744-3726<br>Email: | Trade Debt | | | | $472,019.32 |

Exide Technologies, LLC
_____
Name

Case number (if known)    20-_____ ( )
_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30  Gopher Resource LLC Attn: President or General Counsel 3385 South Highway 149 Eagan, MN 55121-2395 | Gopher Resource LLC Attn: President or General Counsel Phone: 651-454-3310 Fax: Email: Info@GopherResource.com | Trade Debt | | | | $471,838.20 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------- x
                                   :

In re                              :       **Chapter 11**
                                     :

**EXIDE TECHNOLOGIES, LLC,**      :       **Case No. 20– _____ (     )**
                                     :

             **Debtor.**             :
                                     :
---------------------------------------------------------- x

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**PURSUANT TO FED. R. BANKR. P. 1007(a)(1) AND 7007.1**

Pursuant to the Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Exide Holdings, Inc. ("**Exide**") and its debtor affiliates as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represents as follows in support of this consolidated corporate ownership statement:

1.      Mackay Shields LLC, a non-Debtor, owns 39.83% of the equity interest of Exide Holdings, Inc; Alliancebernstein LP, a non-Debtor, owns 19.12% of the equity interest of Exide Holdings, Inc; and D.E. Shaw Galvanic Portfolios, L.L.C., a non-Debtor, owns 10.76% of the equity interest of Exide Holdings, Inc.  To the best of Debtors' knowledge and belief, no other person or entity directly or indirectly owns 10% or more of the equity interests in Exide Holdings, Inc.

2.      Exide Holdings, Inc. directly owns 100% of the membership interests of Exide Technologies, LLC.

3.      Exide Technologies, LLC directly owns 100% of the equity interests in Dixie Metals Company.

4.      Exide Technologies, LLC directly owns 100% of the equity interests in Refined Metals Corporation.

5.      Exide Technologies, LLC directly owns 100% of the membership interests in Exide Delaware LLC.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
                                                    :
In re                                               :        Chapter 11
                                                    :
EXIDE TECHNOLOGIES, LLC,                             :        Case No. 20-_____ (___)
                                                    :
               Debtor.                              :
                                                    :
------------------------------------------------------------ x
```

## LIST OF EQUITY SECURITY HOLDERS
## PURSUANT TO FED. R. BANKR. P. 1007(a)(3)[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct ownership interest, in the above-captioned debtor in possession.

| Name and Last Known Address of Equity Interest Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Exide Holdings, Inc.<br>13000 Deerfield Parkway #200<br>Milton, GA  30004 | Limited Liability Company Interest | 100% |

---

[1]    This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 cases.

**Fill in this information to identify the case:**

Debtor name:  Exide Technologies, LLC

United States Bankruptcy Court for the District of Delaware

(State)

Case number (*If known*):

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)

☐  Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐  Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐  Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐  Schedule H: Codebtors (Official Form 206H)

☐  Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐  Amended Schedule ____

☑  Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☑  Other document that requires a declaration Consolidated Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  05/19/2020
MM / DD /YYYY

**X**  /s/ Roy Messing
Signature of individual signing on behalf of debtor

Roy Messing
Printed name

Chief Restructuring Officer
Position or relationship to debtor